**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HYACINTH RISMAY, Individually,**

                                                        **Case No.:**

     **Plaintiff,**

**v.**

**ALTERATIONS BY LUCY AND CRISP &
CLEAN DRY CLEANING AND MORE, LLC,
a Florida Corporation, and DANIEL PAULO,
Individually,**

     **Defendants.**
**_____/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Hyacinth Rismay, by and through their undersigned trial counsel, and files her Complaint and Demand for Jury Trial against her former employers the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, a Florida corporation, and Daniel Paulo, Individually, and states as follows:

### _JURISDICTION AND VENUE_

1.     This is an action by Plaintiff, Hyacinth Rismay, against both the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, and Daniel Paulo, for unpaid overtime pursuant to the federal _Fair Labor Standards Act_, as amended, _29 U.S.C. §216(b)_ and unpaid minimum wages pursuant to _Article X, Section 24, state of Florida Constitution_. Hyacinth Rismay seeks monetary damages of approximately $15,000, not including reasonable attorney's fees and costs associated with this action, which are part of this action.

2.     This court has jurisdiction over Plaintiff, Hyacinth Rismay, because at all times material to her Complaint and Demand for Jury Trial, Hyacinth Rismay was a resident of Daytona Beach, Volusia County Florida.

3.     The illegal conduct complaint of and the resultant injury occurred within the judicial district in and for Ormond Beach, Volusia County, Florida.

## ***PARTIES***

4.     The Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, and Daniel Paulo, employed Plaintiff, Hyacinth Rismay, from approximately July 1, 2019 through March 27, 2020 as a presser and eventually lead presser.

5.     At all times material, the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, was a Florida corporation licensed to conduct business in the state of Florida.

6.     At all times material, Defendant, Daniel Paulo, ran the day to day operations of the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC.

7.     During her employment with the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, and Daniel Paulo, Plaintiff, Hyacinth Rismay, was not paid time and one-half for all hours worked in excess of 40 hours per work week.

8.     At all times material to this action, the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, was an enterprise covered by the *Fair Labor Standards Act*, as defined by *29 U.S.C. §§ 203(r)* and *203(s)*.

9.     At all times material to this action, Defendant, Daniel Paulo, was an employer as

defined by the *Fair Labor Standards Act* as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ."  *29 U.S.C. §203(d)*.

10.     The Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, have employees subject to the provisions of the *Fair Labor Standards Act*.

11.     At all times material, Plaintiff, Hyacinth Rismay, was an employee of the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, and was "engaged in commerce" as defined by *29 U.S.C. §§ 206(a)* and *(206)(a)(1)*.

12.     At all times material to this action, the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, was an employer within the meaning of the *Fair Labor Standards Act*.

13.     At all times material to this action, Defendant, Daniel Paulo, was an employer within the meaning of the *Fair Labor Standards Act*.

14.     Based upon information and belief the annual gross revenue of the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo, is in excess of $500,000 annually.

15.     At all times material to this action, the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo, employed at least 2 employees who handled goods such as products, supplies, parts and equipment that previously moved through commerce.

16.     At all times material to this action, Plaintiff, Hyacinth Rismay, was "engaged in commerce" and subject to the individual coverage of the *Fair Labor Standards Act*.

17.     At all times material to this action, the Defendants,  Alterations by Lucy and Crisp

& Clean Dry Cleaning and More, LLC and Daniel Paulo, failed to comply with the *Fair Labor Standards Act, as amended, 29 U.S.C. §216(b),* because Plaintiff, Hyacinth Rismay, performed services for which no provisions were made by Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo to properly pay Hyacinth Rismay for those hours worked in excess of 40 per work week, and to ensure Hyacinth Rismay were paid her complete wages.

18.     Upon information and belief, the records to the extent any exists, concerning the number of hours worked and paid to Plaintiff, Hyacinth Rismay, are in possession and control of the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo.

19.     The Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo, agreed to pay Plaintiff, Hyacinth Rismay, wages for work performed. Hyacinth Rismay accepted this agreement and performed work for Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo.

20.     At all times material to this action, the work performed by Plaintiff, Hyacinth Rismay, was directly essential to the business performed by the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo.

21.     The Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo, have employees subject to the provisions of *Article X, Section 24, state of Florida Constitution*.

22.     During her employment, the Defendants, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC and Daniel Paulo, failed to compensate Plaintiff, Hyacinth Rismay,

at least minimum wage for all hours worked.

23.      Prior to filing her Complaint and Demand for Jury Trial, Plaintiff, Hyacinth

Rismay, complied with the provisions of *Section 448.110(6)(a), Florida Statutes*.[1]

24.      Plaintiff, Hyacinth Rismay, retained The Harr Law Firm to represent her in this

matter and has agreed to pay said firm reasonable attorney's fees for its service.

25.      All conditions precedent to bringing this lawsuit have occurred, been performed,

or been waived.

*COUNT I*

*VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST*

*ALTERATIONS BY LUCY AND CRISP & CLEAN DRY CLEANING AND MORE LLC*

26.      Plaintiff, Hyacinth Rismay, realleges the allegations contained in paragraphs 1

through 20 and 24 through 25.

27.      As a result of the Defendant,  Alterations by Lucy and Crisp & Clean Dry Cleaning

and More, LLC's intentional and willful, and unlawful acts in refusing to pay Plaintiff, Hyacinth

Rismay, time and one-half her regular rate of pay for each hour worked in excess of 40 per work

week in 1 or more work weeks, Hyacinth Rismay suffered damages plus incurring reasonable

attorney's fees and costs.

28.      Specifically, the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning

and More, LLC, was aware Plaintiff, Hyacinth Rismay, performed non-exempt job duties, but

still refused to pay Hyacinth Rismay overtime hours for hours worked in excess of 40 per work

[1]*See,* Exhibit "A" and "B."

week.

29.     The Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, willfully failed to pay Plaintiff, Hyacinth Rismay, time and one-half her regular rate of pay for each hour worked in excess of 40 per work week in 1 or more work weeks.

30.     The Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, failed to post required *Fair Labor Standards Act.* informational listings as required by law.

31.     As a result of the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC's willful violation of the *Fair Labor Standards Act*, Plaintiff, Hyacinth Rismay, is entitled to liquidated damages.

32.     Plaintiff, Hyacinth Rismay, is entitled to an award of reasonable attorney's fees and costs.[2]

**WHEREFORE**, Plaintiff, Hyacinth Rismay, demands judgment against the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, for compensatory damages, and additional amount of liquidated damages, or in the alternative, interest on the unpaid overtime owed, reasonable attorney's fees and costs incurred in this action.

## *COUNT II*

## *VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST DANIEL PAULO*

33.     Plaintiff, Hyacinth Rismay, realleges the allegations contained in paragraphs 1 through 20 and 24 through 25.

---

[2]*See, 29 U.S.C. §216(b).*

34.     As a result of Defendant, Daniel Paulo's intentional and willful, and unlawful acts in refusing to pay Plaintiff, Hyacinth Rismay, time and one-half her regular rate of pay for each hour worked in excess of 40 per work week in 1 or more work weeks, Hyacinth Rismay suffered damages plus incurring reasonable attorney's fees and costs.

35.     Specifically, Defendant, Daniel Paulo, was aware Plaintiff, Hyacinth Rismay, performed non-exempt job duties, but still refused to pay Hyacinth Rismay overtime hours for hours worked in excess of 40 per work week.

36.     Defendant, Daniel Paulo, willfully failed to pay Plaintiff, Hyacinth Rismay, time and one-half their regular rate of pay for each hour worked in excess of 40 per work week in 1 or more work weeks.

37.     Defendant, Daniel Paulo, failed to post required *Fair Labor Standards Act.* informational listings as required by law.

38.     As a result of Defendant, Daniel Paulo's willful violation of the *Fair Labor Standards Act*, Plaintiff, Hyacinth Rismay, is entitled to liquidated damages.

38.     Plaintiff, Hyacinth Rismay, is entitled to an award of reasonable attorney's fees and costs.[3]

**WHEREFORE**, Plaintiff, Hyacinth Rismay, demands judgment against Defendant, Daniel Paulo, for compensatory damages, and additional amount of liquidated damages, or in the alternative, interest on the unpaid overtime owed, reasonable attorney's fees and costs incurred in this action.

---

[3]*29 U.S.C. §216(b).*

-7-

## COUNT III

## VIOLATION OF ARTICLE X, SECTION 24 AGAINST

## ALTERATIONS BY LUCY AND CRISP & CLEAN DRY CLEANING AND MORELLC

39.     Plaintiff, Hyacinth Rismay, reallages the allegations contained in paragraphs 1 through 6 and 20 through 25.

40.     *Article X, Section 24(c), state of Florida Constitution*, requires employers to pay to employees wages no less than minimum wage for all hours worked.

41.     The Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, failed to compensate Plaintiff, Hyacinth Rismay, at least minimum wage for all hours worked.

42.     As a result of the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC's violation of *Article X, Section 24(c), state of Florida Constitution*, Plaintiff, Hyacinth Rismay, is entitled to liquidated damages.[4]

43.     Plaintiff, Hyacinth Rismay, is entitled to an award of reasonable attorney's fees and costs.[5]

**WHEREFORE**, Plaintiff, Hyacinth Rismay, demands judgment against the Defendant, Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC, for compensatory damages, and additional amount of liquidated damages, or in the alternative, interest on the unpaid overtime owed, reasonable attorney's fees and costs incurred in this action.

---

[4] *See, Article X, Section 24(e), state of Florida Constitution.*

[5] *See, Article X, Section 24(e), state of Florida Constitution.*

## *COUNT IV*

### *VIOLATION OF ARTICLE X, SECTION 24 AGAINST DANIEL PAULO*

44.     Plaintiff, Hyacinth Rismay, reallages the allegations contained in paragraphs 1 through 6 and 20 through 25.

45.     *Article X, Section 24(c), state of Florida Constitution*, requires employers to pay to employees wages no less than minimum wage for all hours worked.

46.     Defendant, Daniel Paulo, failed to compensate Plaintiff, Hyacinth Rismay, at least minimum wage for all hours worked.

47.     As a result of Defendant, Daniel Paulo's violation of *Article X, Section 24(c), state of Florida Constitution*, Plaintiff, Hyacinth Rismay, is entitled to liquidated damages.[6]

48.     Plaintiff, Hyacinth Rismay, is entitled to an award of reasonable attorney's fees and costs.[7]

**WHEREFORE**, Plaintiff, Hyacinth Rismay, demands judgment against Defendant, Daniel Paulo, for compensatory damages, and additional amount of liquidated damages, or in the alternative, interest on the unpaid overtime owed, reasonable attorney's fees and costs incurred in this action.

### *JURY TRIAL*

49.     Plaintiff, Hyacinth Rismay, demands a trial by jury.

Dated this 29th day of July, 2020.

---

[6]*See, Article X, Section 24(e), state of Florida Constitution.*

[7]*See, Article X, Section 24(e), state of Florida Constitution.*

Respectfully submitted

    /s/  Jason L. Harr
**JASON L. HARR**
Florida Bar No.:  0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
lynnwilkins@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
Telefax:  (386) 226-4886
**TRIAL COUNSEL FOR PLAINTIFF**
**HYACINTH RISMAY**