UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HYACINTH RISMAY,**

      **Plaintiff,**

v.                                                                                         Case No: 6:20-cv-1357-GAP-EJK

**ALTERATIONS BY LUCY AND
CRISP & CLEAN DRY CLEANING
AND MORE, LLC and DANIEL
PAULO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion"), filed October 22, 2021. (Doc. 28.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.     BACKGROUND**

This is an action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–209 and Article X, Section 24, of the Florida Constitution. (Doc. 1.) Plaintiff sues Defendants Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC ("Dry Cleaning"), and Daniel Paulo, alleging that she was employed by Defendants as a lead presser and is owed overtime and minimum wages. (Doc. 1.) Plaintiff served Defendants by leaving a copy of the summons and the Complaint with Maria Paulo at 23 Puritan Lane, Palm Coast, Florida 32164. (Docs. 17–18.) However, no answer was filed by either

Defendant. Thus, the Clerk entered default against both Defendants on December 28, 2020. (Doc. 22.) Plaintiff's first two motions for default judgment were denied without prejudice. (Docs. 25, 27.) Plaintiff thereafter filed the instant Motion for default judgment.[1] (Doc. 28.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

---

[1] Plaintiff's Complaint alleges that Defendants failed to pay her minimum wages for all hours worked in violation of Article X, Section 24 of the Florida Constitution (counts III–IV). (Doc. 1 ¶ 39–48.) However, Plaintiff's Motion for default judgment does not address either of these claims. Accordingly, Plaintiff has abandoned these claims and the undersigned will not consider them in connection with the Motion for default judgment. *See, e.g.*, *Muller v. Total Protective Servs., Inc.*, No. 6:06-cv-1733-Orl-31KRS, 2007 WL 2729659, at *1 n.1 (M.D. Fla. Sept. 18, 2007) (finding the plaintiff had abandoned a claim where the motion for default judgment included no discussion of the claim); *Taylor v. Premier Debt Sols., LLC*, No. 6:12-cv-519-Orl-22, 2012 WL 4792641, at *1 n.1 (M.D. Fla. Sept. 20, 2012), *report and recommendation adopted*, No. 6:12-cv-519-Orl-22, 2012 WL 4792881 (M.D. Fla. Oct. 9, 2012) (same).

of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu*, 515 F.2d at 1206.

### III. DISCUSSION

#### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ." Fed. R. Civ. P. 4(k)(1)(A). The undersigned previously found that service of process was perfected on Defendants. (Doc. 21.) As such, this Report and Recommendation will not reiterate the prior findings.

In addition to adequate service of process, the party moving for default judgment must demonstrate that the Court has jurisdiction over the parties. *See*

*Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

In the Complaint, Plaintiff alleges that Dry Cleaning is a Florida corporation licensed to conduct business in the state of Florida, is an enterprise covered by the FLSA, is engaged in commerce, and is an employer as defined by the FLSA. (Doc. 1 ¶¶ 5, 11–12, 15.) Plaintiff also alleges that Paulo is a resident of Daytona Beach, Volusia County, Florida.[2] (*Id.* ¶ 2.) The undersigned finds that there is personal jurisdiction over Dry Cleaning, as it is a citizen of the state of Florida, and thus subject to suit in Florida.

However, Plaintiff alleges only that Paulo resides in Florida, not that he is a citizen of Florida. For an individual, "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction . . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" *Travaglio v. Am. Exp. Co.*, 735 F.3d

---

[2] Additionally, according to records from the Florida Division of Corporations, the remaining members of Dry Cleaning LLC reside in Florida. *See* https://dos.myflorida.com/sunbiz/search/.

1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257–58) (11th Cir. 2002)). "Residence alone is not enough" to establish the citizenship of an individual. *Travaglio*, 735 F.3d at 1269 (citing *Denny v. Pironi*, 141 U.S. 121, 122 (1891)). Without any information as to Paulo's domicile, the Court cannot ascertain whether he is citizen of Florida, and thus whether the Court has personal jurisdiction over him pursuant to Rule 4(k)(1)(A). However, Florida's long arm statute could also provide personal jurisdiction over Paulo.

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "The exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36, 2014 WL 2968279, at *5 (M.D. Fla. June 30, 2014) (citing *Diamond Crystal Brands*, 593 F.3d at 1257–58). Florida's long-arm statute provides personal jurisdiction over anyone who conducts, operates, engages in, and carries on business in Florida. Fla. Stat. § 48.193(1)(a).

Here, Plaintiff alleges that Paulo manages the day-to-day operations of Dry Cleaning. (Doc. 1 ¶ 6.) This act would subject Paulo to personal jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(1)(a). Moreover, the undersigned finds that an exercise of jurisdiction would not violate the Due Process Clause because

Plaintiff's claims arise out of Paulo's contacts with Florida, i.e., the daily management of Dry Cleaning. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Therefore, I respectfully recommend that the Court find that there is personal jurisdiction over both Defendants.

### B. Venue

Plaintiff alleges that venue is appropriate in the Middle District of Florida because the events giving rise to her claims occurred in this District. (Doc. 1 ¶ 3.) This is corroborated by her allegations that she worked for Defendants in Volusia County, Florida. (*Id.* ¶ 3–4.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Since the events giving rise to this action occurred in one of the counties served by the Orlando division, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over her FLSA claims. (Doc. 1 ¶ 1.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists

only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). Here, Plaintiff brings claims arising under the FLSA, which is a federal law; thus, the Court has federal question jurisdiction.

### D. Entitlement to Default Judgment and Damages

#### i. *Plaintiff Has Established a Claim Under the FLSA (Count I–II)*

Under Counts I and II, Plaintiff alleges that Defendants failed to pay her overtime wages for each hour she worked in excess of 40 hours per week, which violates the FLSA overtime wage provision. (Doc. 1 ¶ 29, 35.) The FLSA establishes overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's [overtime] wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [her and Defendants], and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay [overtime] wages under the FLSA, . . . [P]laintiff must demonstrate

that (1) he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3). . . [D]efendant[s] failed to pay [her] [overtime]. . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The FLSA prohibits employees from working more than 40 hours a week unless they are compensated at "a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2). Any employer who violates the FLSA's overtime wage provisions is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between her and Defendants. Plaintiff alleges she was employed by Defendants at Dry Cleaning as a lead presser from approximately July 1, 2019, through March 27, 2020. (Doc. 1 ¶ 4.) She also alleges that Paulo "ran the day to day operations of [Dry Cleaning]." (*Id.* ¶ 6.) *See Elwell v. Pierce N Tell, LLC*, 8:13–cv–2857–T–30TBM, 2014 WL 12617813, at *2 (M.D. Fla. Mar. 6, 2014) (citing *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986)) (holding that allegations about a company's owner who engaged in the day-to-day operations of the business and had direct supervisory responsibility over plaintiff were sufficient to state a cause of action under the FLSA against an individual and company).

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-civ, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)). "An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,'" which is in excess of $500,000. *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiff alleges that Dry Cleaning meets the enterprise coverage because it had annual gross revenue in excess of $500,000; it had employees engaged in interstate commerce; and it had employees who handled goods moved through interstate commerce. (Doc. 1 ¶ 14–16.) Accepting these allegations as true, I find they sufficiently demonstrate enterprise coverage.

To support her FLSA overtime wage claims (Counts I and II), Plaintiff alleges that she worked in excess of 40 hours per week without compensation for the excess hours. (*Id.* ¶ 27–29, 34–36.) Specifically, Plaintiff alleges Defendants were aware of that she performed non-exempt job duties but failed to pay her time and half for the excess hours. (*Id.* ¶ 28–36.) Additionally, Plaintiff's chart calculating her unpaid wages

demonstrate that she was only paid for up to 40 hours per week. (*See* Doc. 28 at 12–14.) Therefore, I recommend that the Court find that these well-pled allegations and the documentary evidence demonstrate that Defendants failed to pay Plaintiff overtime wages as required by the FLSA.

Having established a violation of § 207, Plaintiff is entitled to an award of damages, consisting of her unpaid overtime wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). In support of her damages, Plaintiff attests in exhibits to her Affidavit that she worked 440 hours in overtime from July 8, 2019, through February 28, 2020. (*See* Doc. 28 at 10, 12–14.) Plaintiff further attests that she was paid at a rate of $10.00 per hour from July 1, 2019, through March 27, 2020. (*Id.* at 10.) Plaintiff asserts that after October 8, 2019, she was promoted to lead presser and paid at a rate of $12.00 per hour. (*Id.*) Based on an overtime rate of one and a half times pay, Plaintiff asserts that she is owed unpaid overtime in the amount of $7,410.00 (($15 x 5 hours) + ($15 x 30 hours) + ($15 x 135 hours) + ($18 x 270 hours)) and liquidated damages in the amount of $7,410.00. (*Id.* at 12–13.) After reviewing the evidence presented, I recommend that the Court find that Plaintiff is entitled to actual damages in the amount of $7,410.00 for her overtime wages and an equal amount of liquidated damages in the amount of $7,410.00, amounting to a total of $14,820.00.

### E. Entitlement to Attorney's Fees and Costs

In the Complaint, Plaintiff makes a claim for attorney's fees and costs. (Doc. 28 ¶ 8.) Because I found that Plaintiff is entitled to default judgment on her FLSA claims, I respectfully recommend that the Court award Plaintiff reasonable attorney's fees and

costs for time spent litigating this case. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

Notwithstanding the foregoing recommendation, the Motion does not provide any documentation supporting a fee award. (Doc. 28); *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (providing that when a party makes a claim for fees, it is that party's burden to establish entitlement and to document the appropriate hours and hourly rate)). Thus, at this stage, I cannot recommend an amount of attorney's fees and costs that should be awarded to Plaintiff. Instead, I recommend that the Court allow Plaintiff fourteen days from the entry of judgment to file a motion for attorney's fees and costs. *See* Fed. R. Civ. P. 54(d)(2)(B).

## IV. RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT** the Motion (Doc. 28.)
2. **FIND** that Plaintiff is entitled to default judgment on Counts I and II.
3. **FIND** that Plaintiff is entitled to damages on Counts I and II amounting to **$14,820.00**.
4. **FIND** that Plaintiff is entitled to attorney's fees and costs for time spent litigating this action.

5. **ENTER** a final default judgment in favor of Plaintiff and against Defendants in the amount of **$14,820.00**.

6. **GRANT LEAVE** for Plaintiff to file a motion for attorney's fees and costs **within fourteen days** of an order adopting this report and recommendation.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 21, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE