UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HYACINTH RISMAY,**

      **Plaintiff,**

v.                                     Case No: 6:20-cv-1357-GAP-EJK

**ALTERATIONS BY LUCY AND
CRISP & CLEAN DRY CLEANING
AND MORE, LLC and DANIEL
PAULO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Attorney Fees (the "Motion"), filed February 3, 2022. (Doc. 30.) Upon consideration, I respectfully recommend that the Motion be granted in part.

### I.   BACKGROUND

This is an action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–209 and Article X, Section 24, of the Florida Constitution. (Doc. 1.) Plaintiff sued Defendants Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC ("Dry Cleaning"), and Daniel Paulo, alleging that she was employed by Defendants as a lead presser and is owed overtime and minimum wages. (Doc. 1.) Plaintiff served Defendants by leaving a copy of the summons and the Complaint with Maria Paulo at 23 Puritan Lane, Palm Coast, Florida 32164. (Docs. 17–18.) However, no answer

was filed by either Defendant. Thus, the Clerk entered default against both Defendants on December 28, 2020. (Doc. 22.) Plaintiff's first two motions for default judgment were denied without prejudice. (Docs. 25, 27.) Plaintiff thereafter filed a renewed motion for default judgment, which this Court granted and found that Plaintiff was entitled to reasonable attorney's fees and costs. (Docs. 28, 31.) Plaintiff's Motion for attorney's fees (Doc. 30) is now properly before the Court.

## II. STANDARD

The Court uses the familiar "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate(s) and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Finally, the party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784

(11th Cir. 1994).

## III. DISCUSSION

Plaintiff requests an award of $3,067.50 in attorney's fees and $508.00 in costs. (Doc. 30-1 at 2, 6.) The Court previously found that Plaintiff was entitled to attorney's fees and costs when it granted default judgment (Docs. 29, 31), so the undersigned will address only the reasonableness of the hourly rate, hours expended, and the costs.

### A. Reasonableness of Hourly Rate

Though not explicit in the Motion, Plaintiff requests that the Court find reasonable the following rates:

- $450.00 per hour for Attorney Jason L. Harr
- $175.00 per hour for Paralegal Lynn Wilkins
- $150.00 per hour for Office Manager Miriam Juarez

(Doc. 30-1 ¶ 4.) "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.*

Plaintiff has not submitted independent evidence that the requested rates are reasonable in the Orlando market. Instead, the undersigned will rely upon his own knowledge and experience of the prevailing market rate to determinate a reasonable hourly rate for the attorney's fee award. *Norman*, 836 F.2d at 1303 ("The court, either

trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (internal quotation marks omitted); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Relying on this knowledge and experience, the undersigned finds that an hourly rate of $400.00 is reasonable for Attorney Harr, who is licensed to practice in Florida and has 20 years of experience. (Doc. 30-1 ¶ 1.) *See, e.g.*, *Raymond v. Buffalo City Bar & Grill, Inc.*, No. 8:18-cv-1619-T-33JSS, 2018 WL 4924351, at *2 (M.D. Fla. Oct. 10, 2018) (approving $400 hourly rate in an FLSA case resulting in default judgment); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, No. 8:19-cv-296-T-33CPT, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 hourly rate in an FLSA case resulting in default judgment for an attorney with 20 years of experience). Additionally, I find that an hourly rate of $125.00 is reasonable for Paralegal Wilkins, particularly since neither the Motion nor affidavit provide any information regarding her skill level, training, or years of experience. *See, e.g.*, *Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *4 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3288033 (M.D. Fla. June 18, 2020) (reducing requested hourly rate for paralegals from $175 and $150 to $125 where the movant's "submissions do not provide any information regarding the skill level, training, or experience of the two paralegals.");

*Reiffer v. World Views LLC*, No. 6:20-cv-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021), *report and recommendation adopted*, No. 6:20-cv-786-RBD-GJK, 2021 WL 1264249 (M.D. Fla. Apr. 6, 2021) (reducing paralegal fee from $200 to $125 given the issues in the case and the lack of evidence as to the paralegals' experience).

Finally, Plaintiff provides no authority to support an award of attorney's fees for an office manager. To the contrary, time spent on secretarial and clerical work may not be recovered. *Austin v. FL HUD Rosewood LLC*, No. 3:15-cv-40-MCR-HTC, 2020 WL 9349175, at *8 (N.D. Fla. Oct. 6, 2020), *report and recommendation adopted as modified*, No. 3:15-cv40-MCR/HTC, 2021 WL 1138401 (N.D. Fla. Mar. 25, 2021) ("Secretarial work is not recoverable under an attorney's fee application. Similarly, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers are also not recoverable" (internal quotations and citations omitted)). Thus, I recommend that the Court decline an award of attorney's fees for Office Manager Juarez.

### B. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended. In determining the reasonableness of the hours expended, courts exclude "excessive, redundant, or otherwise unnecessary" hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434 & 437). Courts may cut specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Galdames v. N & D Inv. Corp.*, 432 F.

App'x 801, 806 (11th Cir. 2011).

Plaintiff seeks compensation for a total of 8.9[1] hours, consisting of 3.2 hours for Attorney Harr and 5.7 hours for Paralegal Wilkins. (Doc. 30-1 ¶ 4.) The undersigned has reviewed the billing records and finds that the following billing entries are due to excluded:

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| 11/20/20 | Draft Motion to Appoint Private Process Server and file with federal clerk. | $175.00 | .7 | $122.50 |
| 11/20/20 | Forwarded copy of Motion to Appoint Private Process Server to client. | $175.00 | .1 | $17.50 |
| 02/19/21 | Drafted Motion for Entry of Default Judgment and Affidavits in support of Motion concerning both defendants and file with Federal Clerk. | $175.00 | .8 | $140.00 |
| 02/19/21 | Forwarded copies of Motion for Entry of Default Judgment and Affidavits to Ms. Rismay. | $175.00 | .1 | $17.50 |

(Doc. 30-1 at 4–5.) Plaintiff's motion to appoint a process server was denied as unnecessary and Plaintiff filed the motion for default judgment twice before the motion was finally approved on the third try. (Docs. 13, 15, 23, 24, 25, 26, 27, 28, 29.) Accordingly, the undersigned finds that the 1.7 hours of billing entries associated with these motions are excludable as unnecessary.

Plaintiff also estimates that an additional 1.0 hour will be billed at a rate of $435.00 per hour "to prepare and complete the Order as to Attorney's Fees and Costs." (Doc. 30-1 ¶ 5.) However, it is unclear what the additional hour is for because the billing entries already show work for drafting, reviewing, revising, and finalizing the

---

[1] This does not include the 1.2 hours for Office Manage Juarez. (Doc. 30-1 ¶ 4.)

Motion for Attorney's Fees and Costs. (*Id.* at 6.) Accordingly, the undersigned finds this additional hour should be excluded as unnecessary.

Based on the foregoing, the lodestar amounts to $3.2^2$ hours for Attorney Harr at a rate of $400.00 per hour and the $4.00^3$ hours for Paralegal Wilkins at a rate of $125.00 per hour, for a total of $1,780.00.

C. **Adjustments to Lodestar**

Plaintiff brought two claims (Counts III–IV) for minimum wage under Article X, Section 24, of the Florida Constitution, but abandoned these claims in the final motion for default judgment. (Docs. 1 ¶ 39–48; 28; 29 n.1.) Thus, judgment was entered in favor of Plaintiff solely on the remaining claims, Counts I and II. (Doc. 31.) Therefore, Plaintiff's overall success was limited, as Plaintiff prevailed on two of four claims against Defendants.

The facts of the case were central to all claims, and the billings entries are not separated to account for each claim. (*See* Doc. 30-1.) However, when reducing the amount of attorney's fees awarded to account for limited success, the Court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award by proportion. *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 436–37). Since the Court cannot identify specific hours spent on Plaintiff's unsuccessful claims, the undersigned recommends that the fee award be reduced by a percentage

---

[2] This excludes the estimated 1.0 hour for Attorney Harr.
[3] This excludes the unnecessary 1.7 hours (0.7 + 0.1 + 0.8 + 0.1) that were billed by Paralegal Wilkins.

that accounts for Plaintiff's limited success. *See Hensley*, 461 U.S. at 440 (stating that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained"). Because some of the attorney hours were spent on both the successful and abandoned claims, the undersigned does not find a 50% reduction to be appropriate; instead, I recommend that the lodestar be adjusted downward by 20%. *See, e.g.*, *Maciejczyk v. You Fit, Inc.*, No. 8:12-cv-1462-T-27MAP, 2013 WL 7186419, at *4 (M.D. Fla. Dec. 12, 2013), *report and recommendation adopted*, No. 8:12-cv-1462-T-27MAP, 2014 WL 585067 (M.D. Fla. Feb. 12, 2014) (reducing lodestar by 30% to account for plaintiff's limited success).

Accordingly, I recommend that the Court approve an attorney's fee award of $1,424.00.[4]

**D. Costs**

Here, Plaintiff requests $508.00 in costs: $5.00 in photocopy costs, $23.00 in postage, $400.00 for the filing fee, and $80.00 for the service fee to the Flagler County Clerk of Court. (Doc. 30-1 at 6.) The undersigned finds that $400.00 in filing fee costs is reasonable because this was the fee charged for opening a civil action in the Middle District of Florida when Plaintiff instituted her action.[5] Additionally, the fees for the court clerk are properly taxable as "fees of the clerk and marshal" under 28 U.S.C. § 1920. However, the Eleventh Circuit has held that costs for "postage [fees] . . . are clearly nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996);

---

[4] $1,780.00 – (20 ∕ 100 x $1,780.00) = $1,424.00.
[5] Fees | Middle District of Florida | United States District Court (uscourts.gov)

*see also Rosario v. AAA Sec. Prot., Inc.*, No. 8:14-cv-391-T-36AEP, 2015 WL 427533, at *4 (M.D. Fla. Feb. 2, 2015) (denying costs associated with postage in an FLSA action). Thus, Plaintiff cannot recover for the postage costs in this case.

Costs for copies are taxable under § 1920 "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, Plaintiff has not provided any evidence that the copies were necessary for use in the case. Further, Plaintiff does not state what documents were copied, just that copies were provided to Plaintiff. (Doc. 30-1 at 6.) Therefore, I find that Plaintiff's copying costs are not taxable. *Cf. Moore v. Appliance Direct, Inc.*, No. 608-cv-317-Orl-19DAB, 2009 WL 909271, at *4 (M.D. Fla. Apr. 1, 2009) (finding plaintiff's copying costs taxable where plaintiff demonstrated that "copies of Defendants' delivery records were necessary to calculate their entitlement to overtime pay.")

Accordingly, the award of costs should be reduced by $28.00 to account for the nonrecoverable postage and copying fees. As such, the undersigned finds that Plaintiff is entitled to an award of costs amounting to $480.00.

### IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT in part** the Motion (Doc. 30.)
2. **AWARD** Plaintiff **$1,424.00** in attorney's fees and **$480.00** in costs.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 18, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE